UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KENNETH PLEASANT,

Plaintiff,

v.  4:08-cv-192

NEESMITH TIMBER CO., INC.,

Defendant.

## ORDER

### I. INTRODUCTION

Plaintiff Kenneth Pleasant ("Pleasant") was involved in a collision with an eighteen wheeler truck while attempting to cross a street in Jesup, Georgia in February 2007. *See* Doc. 1 at 2. Plaintiff seeks damages from Defendant Neesmith Timber Company ("Neesmith"). *See id.* at 4-5. Before the Court are Pleasant's "Motion to Exclude Defendant's Expert H. Horton McCurdy," *see* Doc. 98, and "Motion in Limine," *see* Doc. 99.

### II. ANALYSIS

#### A. H. Horton McCurdy

On April 22, 2009, Neesmith designated H. Horton McCurdy ("McCurdy") as an expert witness to testify "regarding plaintiff's level of intoxication on the date of the accident." *See* Doc. 27 at 2. Neesmith attached a twenty-four page exhibit to his designation detailing McCurdy's compensation, all cases he has appeared in over the last ten years, and including a curriculum vitae that recounted all of McCurdy's publications. *See* Doc. 27-3. The Magistrate Judge set the due date for the parties to file their expert reports at June 20, 2009. *See* Doc. 36. Pleasant deposed McCurdy on December 21, 2010. *See* Doc. 98-4. That same day, McCurdy presented Pleasant with a "Summation of Opinions." *See* Doc. 98-3.

Pleasant moves for sanctions for Neesmith's failure to file an expert report for McCurdy. *See* Doc. 98; FED. R. CIV. P. 37(c)(1).

Federal Rules of Civil Procedure 26(a)(2)(A) and (B) require parties to disclose the identity of any expert witness and provide an expert report if the witness has been retained to testify. This report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B)(i)-(vi).

Pleasant's assertion that Neesmith never served him with an expert report for McCurdy is untrue. Neesmith's initial designation satisfied its duties to identify

McCurdy and to provide a report covering subsections (iv)-(vi). *See* Docs. 27, 27-3. Neesmith complied with its duty to supply a report detailing subsections (i) and (ii) a year and a half late, on December 21, 2010, through his "Summation of Opinions." *See* Doc. 98-3. McCurdy has yet to disclose any exhibits he will use to summarize or support his opinion. *See* FED. R. CIV. P. 26(a)(2)(B)(iii). Accordingly, the Court will bar McCurdy from using such exhibits in his testimony. *See* FED. R. CIV. P. 37(c)(1).

Rule 37(c)(1) imposes sanctions for a party's failure to disclose an expert's report "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). In deciding whether the failure was harmless the Court considers: (1) the importance of the testimony, (2) the reasons for Neesmith's failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness were allowed to testify. *See Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005).

McCurdy's testimony is important because it will help the jury decide the value of the stipulated fact that Pleasant had a blood alcohol content ("BAC") of 0.15% on the morning of the collision. *See* Doc. 97-1. In his response to Pleasant's Motion to Exclude McCurdy's testimony, Neesmith does not provide any explanation for the substantial delay in providing the "Summation of Opinions." *See* Doc. 102. Likewise, Pleasant fails to provide any way in which he was prejudiced. *See id.* McCurdy was identified as an expert early on. *See* Doc. 27 at 2. Pleasant retained and identified his own toxicologist to rebut McCurdy's testimony long ago. *See* Doc. 102 at 3. Pleasant was also able to depose McCurdy concerning the opinions listed in his "Summation of Opinions." *See* Doc. 98 at 5.

Neesmith's unjustified delay in submitting a complete expert report was harmless. No further sanctions are appropriate.

Pleasant also moves to exclude the lab results showing Pleasant had a BAC of 0.15% for a lack of foundation. *See* Doc. 98 at 7. Pleasant stipulated to this fact in both of his proposed pretrial orders. *See* Docs. 88-1, 97-1. "It is well settled that stipulations of fact fairly entered into are controlling and conclusive, and courts are bound to enforce them." *See Peery v. Serenity Behavioral Health Sys.*, 2009 WL 1228446, at *2 (S.D. Ga. May 4, 2009). Pleasant may not now move to exclude evidence that he has stipulated to be admissible.

### B. Motion in Limine

Pleasant moves the Court to bar Neesmith's attorneys and witnesses from offering evidence concerning eleven "matters:" (1) opinions of experts who have not abided by Rule 26(a)'s disclosures; (2) Pleasant's general drug use and marijuana use at the time of the collision; (3) police officer testimony relating to the contents of surveillance footage of the collision; (4) Pleasant's criminal history; (5) any evidence of smoking, fighting, drinking, womanizing, prior marriages, abortions, illegitimate children, co-habitation, traffic violations, illegal drug use, rehabilitation programs, drug-seeking behavior, criminal history, domestic violence, altercations, or swearing

2

by Pleasant, his family, or his witnesses; (6) Pleasant's prior health or mental condition, including the receipt of disability benefits; (7) Pleasant's failure to report income to the Internal Revenue Service; (8) Pleasant's other accidents, lawsuits, or claims; (9) Pleasant's worker's compensation and unemployment benefits; (10) Pleasant's worker's compensation claim in Texas; (11) Pleasant's previously dismissed suit against Neesmith in Texas or his previous suit against a different trucking company. *See* Doc. 99.

### 1. Experts

Pleasant's arguments are duplicative of his "Motion to Exclude Defendant's Expert H. Horton McCurdy," *see* Doc. 98. This contention is ***GRANTED IN PART AND DENIED IN PART*** for the reasons recited above.

### 2. Drug Use

Pleasant moves to exclude reference to his general drug use, including any positive drug tests with past employers. *See* Doc. 99 at 7. Neither party briefed this issue in any detail. The Court reserves ruling until Neesmith attempts to elicit such evidence.

Pleasant further moves to exclude evidence of his marijuana use "at the time of the accident" because "there is no foundation for which to support any opinion that Plaintiff's marijuana use had any intoxicating impact at the time of Plaintiff's incident." *See* Doc. 99 at 7. This argument attacks the admissibility of an opinion that Pleasant was intoxicated by marijuana. Pleasant offers no reason why the fact that he was using marijuana at the time of the incident would be inadmissible.

Neesmith seeks to offer this evidence to challenge the cause of Pleasant's injuries. *See* Doc. 101 at 4. Neesmith cites Pleasant's admission that "he was smoking marijuana to 'kill the pain' he was experiencing from a recent injury before this accident." *See* Doc. 101 at 4 (citing Doc. 101-2 at 3-4). This evidence tends to prove the extent of Pleasant's pre-existing pain and undercuts his claim that Neesmith caused his injuries.

Pleasant's motion is ***DENIED***.

### 3. Surveillance Video

Pleasant moves to preclude any police officer from testifying to the contents of surveillance footage at the time of the collision. *See* Doc. 99 at 8. Pleasant contends that "the surveillance footage has been excluded from use at trial by agreement of both parties." *Id.* at 10-11. This is untrue. Pleasant lost or destroyed the surveillance footage in question. *See* Doc. 73 at 3. Neesmith filed a motion for sanctions, *see* Doc. 71, and the parties settled the matter by entering into a set of stipulations concerning the footage, *see* Doc. 84.

The parties agreed that "*still photographs* from the surveillance videotape will be excluded as evidence from this case and no witness may offer testimony regarding the *still photographs* in any manner," but also that "any other witness who has viewed the surveillance videotape *may offer testimony as to the contents of the videotape* except as to any information as to the date and time of the accident." *See* Doc. 84 (emphasis added). Pleasant now seeks to undermine this agreement. Neesmith will be allowed to elicit testimony about the

3

contents of the video because Pleasant lost or destroyed the original. *See* FED. R. EVID. 1004(1).

Pleasant is ordered to show cause why he should not be sanctioned for representing to the Court that "the surveillance footage has been excluded from use at trial by agreement of both parties." *See* Doc. 99 at 11; FED. R. CIV. P. 11(b). Neesmith is ordered to submit evidence as to its costs in responding to this contention.

Pleasant further objects to any "opinion" that he "'walked' into the truck and/or trailer." *See* Doc. 99 at 8. Any such testimony will be allowed if rationally based on the perception of the witness. *See* FED. R. EVID. 701(a).

### 4. Criminal History

Pleasant moves the Court to exclude any mention of his criminal convictions. *See* Doc. 99 at 11. Because the admissibility of this testimony depends on the purpose for which it is offered, the Court reserves ruling until Neesmith attempts to elicit such evidence.

### 5. Laundry List of Prejudice

Pleasant objects to anything potentially prejudicial, but does not move to exclude any specific evidence. *See id.* Pleasant's objection is *DENIED*.

### 6. Prior Health Condition

Pleasant moves to exclude any evidence on his prior health condition, including an alleged antisocial disorder. *See id.* at 12. Neesmith may elicit testimony about Pleasant's prior physical and mental health condition where relevant to his claims of physical and mental injuries from the collision.

As to his alleged antisocial disorder, Pleasant argues that because he was not previously diagnosed with antisocial personality disorder, he did not have it and any evidence on the issue should be excluded. *See id.* Pleasant's logic does not account for the possibility that he could have had the disorder, but was simply not yet diagnosed. Pleasant's motion is *DENIED*.

### 7. Income Tax Evasion

Pleasant moves to exclude evidence that he evaded income taxes. This evidence is probative of his character for truthfulness and his loss of income claim. *See Gaillard v. Jim's Water Serv., Inc.*, 535 F.3d 771, 778 (8th Cir. 2008). Pleasant's motion is *DENIED*.

### 8, 9, & 10. Other Suits & Worker's Compensation Claims

Pleasant moves to exclude evidence regarding other lawsuits and worker's compensation claims and benefits. *See* Doc. 99 at 13. Neesmith agrees that any worker's compensation awards or payments are irrelevant. *See* Doc. 101 at 8. Neesmith does, however, seek to use testimony from these previous claims and suits as impeachment material. *See id.* Neesmith may use the suits for that purpose, but may only refer to the testimony as "previous testimony." Pleasant's motion is *GRANTED IN PART AND DENIED IN PART*.

### 11. Previous Suits Against Neesmith & Beach Timber Company

Pleasant moves to exclude evidence regarding its previously dismissed lawsuit against Neesmith in Texas. *See* Doc. 99 at 13. Neesmith agrees that such evidence is inadmissible. *See* Doc. 101 at 9.

Pleasant also seeks to exclude the fact that it previously sued a different trucking company regarding this collision. *See* Doc. 99 at 13. To the extent allegations in that suit conflict with Pleasant's present claim against Neesmith, they are admissible for impeachment. Pleasant's motion is ***GRANTED IN PART AND DENIED IN PART.***

### III. CONCLUSION

McCurdy will be permitted to testify to any topic listed in his "Summation of Opinions," *see* Doc. 98-3, but he may not use any exhibit during his testimony to support or summarize his opinions. Pleasant's "Motion to Exclude Defendant's Expert H. Horton McCurdy," *see* Doc. 98, is ***GRANTED IN PART AND DENIED IN PART.***

For the reasons set out above, Pleasant's "Motion in Limine," *see* Doc. 99, is also ***GRANTED IN PART AND DENIED IN PART.***

Pleasant is ordered to show cause why he should not be sanctioned for representing to the Court that "the surveillance footage has been excluded from use at trial by agreement of both parties." *See* Doc. 99 at 11; FED. R. CIV. P. 11(b). Neesmith is ordered to submit evidence of its costs in responding to Pleasant's motion to exclude testimony regarding the contents of the surveillance footage. Responses are due seven (7) days from the date of this Order.

This 7th day of March 2011.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA